# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| REX HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:07-cv-01939-TMP |
| | ) |
| TALLADEGA COUNTY SHERIFF'S | ) |
| DEPT., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 7, 2008, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).  The plaintiff filed objections to the report and recommendation on January 17, 2008.  (Doc. 10.)

In his objections, the plaintiff argues that he was not a prisoner at the time he filed his complaint and should not have been ordered by the court to amend his original complaint using a § 1983 form for prisoners. (Doc. 10 at 1.)  The plaintiff is advised that federal courts are courts of limited jurisdiction, meaning that the grounds for the court's jurisdiction must be present at the time the complaint is filed and must be obvious on the face of the complaint.  Fed. R. Civ. P. 8(a); 28 U.S.C. § 1330, *et seq.*  On the face of the plaintiff's original complaint, there was no federal question present and the requirements for diversity jurisdiction were not satisfied.  Rather than dismiss the plaintiff's original complaint for lack of subject matter jurisdiction, the plaintiff was ordered to

amend his complaint using a § 1983 form to allow him an opportunity to state a valid constitutional claim.[1]  That the § 1983 form is also used by prisoners is of no consequence to the validity of the plaintiff's claims.

The plaintiff further objects to the magistrate judge's recommendation that his claims are barred by the applicable statute of limitations.  He states, "They [were] holding my property under investigation from Sept. 2003 until Oct. 2005 so there was no suit to be filed until Oct. 2005 when property was released and I found out property was not there[.] [T]hat was the accrual of the cause of this action."  (Doc. 10 at 3.)

The plaintiff alleges in his complaint that the defendants wrongfully impounded his property on September 23, 2003.  (Amend. Compl. at 3.)  In *Mullinax v. McElhenney*, the Eleventh Circuit Court of Appeals stated the general rule in determining when a § 1983 claim accrues:

> [T]he statute [of limitations for a § 1983 claim] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured.  Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

817 F.2d 711, 716 (11th Cir. 1987) (internal citations omitted).  According to the plaintiff's own allegation, he knew as early as September 23, 2003, that the defendants had wrongfully impounded his property.  He therefore had until September 23, 2005, to file a § 1983 action.[2]  The plaintiff did

---

[1]       The plaintiff was also directed to adequately set forth his claims.

[2]       The United States Supreme Court has held that the proper statute of limitations for a § 1983 action is the forum state's general or residual state of limitations for personal injury.  *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989).  The residual statute of limitations for personal

not file the present action until 2007. To the extent the plaintiff claims the Talladega County Sheriff's Office, Officer Jason Green, and Ricky Hindman wrongfully impounded his property, such claims are barred by the statute of limitations.[3]

Distinct from the plaintiff's claims that the defendants wrongfully impounded his car in 2003 is his assertion that the property was subsequently lost or destroyed. The plaintiff alleges that the Sheriff's Department released his property in October 2005. However, the plaintiff was incarcerated from November 2005 until September 2007, during which time, he claims, the property was lost or destroyed. It appears that this claim also is due to be dismissed based on the statute of limitations since the plaintiff did not file suit until November 8, 2007, – more than two years after the Sheriff's Department released the property to the plaintiff. Even if the statute of limitations did not operate as a bar to the plaintiff's claims against Jason Green and Ricky Hindman, he has not alleged any facts in his complaint that these two individuals lost or destroyed the property. Indeed, the plaintiff fails to provide any supporting facts which would demonstrate Defendants Green and Ricky Hindman were personally involved in the loss or destruction of his property.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is

---

injury in Alabama is two years. Ala. Code § 6-2-38(1) (1975).

[3]     The Talladega County Sheriff's Department is also due to be dismissed because it is not a legal entity subject to suit under 42 U.S.C. § 1983 and therefore is not a proper party defendant to this action. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

ACCEPTED.  Accordingly, the complaint is due to be dismissed for failing to state a claim upon

which relief can be granted pursuant to 28 U.S.C. § 1915A(b).  A Final Judgment will be entered.

DATED this 31st day of January 2008.


KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE